**FALSTAFF BREWING CORPORATION et al., Plaintiffs,**

v.

**PHILIP MORRIS INCORPORATED et al., Defendants.**

No. C–77–2733–WWS.

United States District Court, N. D. California.

Jan. 28, 1981.

As Amended March 10, 1981.

Theodore F. Schwartz, Clayton, Mo., for plaintiffs, Falstaff, General and S & P.

Albert R. Malanca, Gordon, Thomas, Honeywell, Malanca, Peterson & O'Hern, Tacoma, Wash., former counsel for plaintiffs Falstaff, General and S & P.

Arnold & Porter, Washington, D. C., Heller, Ehrman, White & McAuliffe, San Francisco, Cal., for defendant Philip Morris Inc.

## ORDER

WILLIAM W. SCHWARZER, District Judge.

Following the dismissal of this action by plaintiffs, defendants requested the return to them of more than a thousand pages of confidential documents produced by defendant Miller Brewing Company during discovery. Under the terms of a protective order entered July 7, 1978, pursuant to Rule 26(c), counsel for plaintiffs were required to return all such documents upon defendants' request within ninety days after conclusion of the action. When that period expired in September 1980 without the documents having been returned, defendants moved for an order holding plaintiffs in contempt.

On October 29, 1980, the Court issued an order authorizing defendants' counsel to investigate at plaintiffs' expense the circumstances relating to plaintiffs' apparent inability to locate and return the confidential documents. That investigation has now been completed with the cooperation of plaintiffs' counsel and defendants have renewed their motion for an order holding plaintiffs in contempt. The parties have stipulated to submit the motion without hearing.

The investigation did not lead to the discovery of any of the missing confidential documents nor did it disclose how they were lost or destroyed. Counsel are satisfied that any further investigation would be futile.

The investigation did disclose the following facts which appear to be substantially undisputed:

(1) Plaintiffs' former counsel who represented them at the time of the production of these documents maintained no record of the documents received nor any system of control enabling them to track those documents.

(2) When plaintiffs' former counsel withdrew from representation of plaintiffs, they delivered at least a portion of the confidential documents to their client in direct violation of paragraph 3 of the protective order which prohibits counsel from disclosing the confidential matter to anyone except under specified conditions not applicable here.

(3) When plaintiffs' current counsel succeeded to the representation, they took no steps to protect the confidential documents from disclosure or loss or otherwise to assure compliance with the protective order.

Notwithstanding the confusion that surrounds the disappearance of these documents, the facts recited above are established. Former and present counsel attempt to plead extenuating circumstances but there are none. They argue that they are being held to unreasonable standards of care in document storage, but appear to overlook that the duty imposed by the protective order is an unqualified duty to return the documents on request, not simply to use ordinary care in storing them. If parties are unwilling to assume the obligations of a protective order and comply with its letter and spirit, they are not entitled to its benefits.

Finally, former and present counsel each attempt to shift the blame to the other. The Court is not concerned, however, with allocating blame between them.

Compliance with a protective order ultimately is the responsibility of the party which seeks to obtain its benefit, even though the litigation is conducted by its counsel. *Cf. United States v. IBM Corp.*, 60 F.R.D. 658, 666 (S.D.N.Y.), *appeal dismissed*, 493 F.2d 112 (2d Cir. 1973), *appeal dismissed*, 416 U.S. 976, 94 S.Ct. 2378, 40 L.Ed.2d 756, *cert. denied*, 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974). Plaintiffs "voluntarily chose [these] attorney[s] as [their] representative[s] in the action, and [they] cannot now avoid the consequences of the acts or omissions of [these] freely selected agent[s]. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent ...." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962). Accordingly, plaintiffs must bear the burden of violation of the order. It is up to them to pursue whatever remedies they may have against their former or present counsel.

The Court considers this an extremely serious matter. Not only does it jeopardize the confidentiality of sensitive commercial and financial information obtained by plaintiffs from Miller Brewing Company's general ledger, accounts, vendor lists, internal forms, and other documents. It calls into question the integrity of the discovery process conducted under protective orders. In thousands of actions throughout the federal court system, millions of documents have been and are being produced in reliance on the binding force of protective orders. Those orders have become a standard feature of most commercial litigation, obviating the need for costly and time-consuming proceedings on discovery objections. As a result, a tendency may have developed to take them for granted and to treat compliance with them cavalierly. An appropriate sanction must therefore be imposed, "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Met.*

*Hockey Club*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976). Rule 37(b)(2) authorizes imposition of sanctions, including contempt, for failure to obey orders relating to discovery, including protective orders issued under Rule 26(c).

Accordingly, plaintiffs Falstaff Brewing Corporation, General Brewing Company and S & P Company are hereby adjudged to be in contempt for violating the protective order entered by the Court on July 7, 1978, in that plaintiffs, through their attorneys, failed to return the confidential documents produced by defendants under the protective order, failed to maintain control of the confidential documents to assure their return, and permitted the release of those documents from the possession of the attorneys into that of plaintiffs.

The Court further orders as follows:

1. Plaintiffs shall pay a fine of ten thousand dollars ($10,000) to the Clerk of this Court within thirty days of the entry of this order. If all of defendant's missing confidential documents are returned by plaintiffs or their attorneys to defendants within 90 days of the date of this Order, the Court may, upon motion by plaintiffs, consider a refund of such portion of the fine as the Court deems appropriate.

2. In the event that any of the plaintiffs, their officers, employees, or attorneys shall ever locate any document which has been designated by defendants as confidential subject to the above protective order, plaintiffs or their attorneys shall immediately notify counsel for defendants and promptly arrange for the return of such documents. No copies of any such documents shall be made.

3. Plaintiffs and their officers, employees, and attorneys are hereby prohibited from disclosing any confidential document produced by defendants or its contents to anyone, nor shall such document or its contents be used for any purpose, including, without limitation, any business, governmental, commercial, or litigation (administrative or judicial) purpose. Any such un-

authorized use or disclosure in violation of this order will result in further contempt proceedings, additional fines or other appropriate action by the Court.

4. In the event that any additional information shall come to the attention of plaintiffs or their officers, employees or attorneys concerning the present or prior location of any of the missing documents, or the methods used to keep control of, store or ship them, plaintiffs or their attorneys shall immediately provide counsel for defendants with such information. They shall also make available to counsel for defendants any records, papers or files reflecting such information and shall make themselves, their officers, employees and attorneys available to counsel for defendants for interview or deposition concerning the newly discovered documents or information.

5. Plaintiffs shall pay to defendants within 15 days of this order all costs and expenses, including actual attorneys' fees and charges for paralegal assistance, arising out of defendants' efforts made after September 16, 1980, to secure return of the protective order and to prepare and prosecute defendants' Motion and Renewed Motion for an order holding plaintiffs in contempt, in the amount of $27,184.68, less any amount heretofore paid by them on account of such costs and expenses.

IT IS SO ORDERED.